## ZUBIK v. UNITED STATES.
### Civil Action No. 2815.

District Court, W. D. Pennsylvania.
June 22, 1945.

Morris M. Berger, of Pittsburgh, Pa., for plaintiff.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., and Allan B. Lutz, Sp. Asst. to Atty. Gen., for defendant.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. On and prior to February 27, 1943, Charles Zubik, the plaintiff, was the sole

owner of a wharf boat, barge or screen boat known as the "Mariner," Official No. 175020. On said date said "Mariner" was requisitioned by the United States of America.

2. Before the barge was requisitioned the Appraisal Committee of the War Shipping Administration had placed a value of $7,000 upon it, and this sum was offered to, and refused by, the plaintiff, when it was taken over as aforesaid.

3. Upon refusal of the plaintiff to accept $7,000 for the barge, the boat was requisitioned and three-fourths of said appraised value was delivered to plaintiff, the sum of $1,750 being reserved.

4. The "Mariner" was built in 1922 by the Midland Barge Company at a cost of $16,014. It had a length of 180 feet, a beam of 28 feet and a depth of 4 feet 8 inches. The hull was built of one-fourth inch steel plating. It had a house of thinner steel 160 feet long, 28 feet wide and 14 feet high. The roof was of wood and tarpaper. It had no means of propulsion and had no equipment on board when requisitioned.

5. The "Mariner" was used as a wharf boat at Wheeling in the Ohio River from 1922 to 1935. Having been acquired by the plaintiff in 1936, it was sold by him to the Pittsburgh Sand and Gravel Company for $10,000, and was used as a sand and gravel dredge boat.

6. In December, 1942, it was purchased from the Pittsburgh Sand and Gravel Company for the sum of $7,000 for the purpose of re-sale. After purchase the plaintiff spent $700 for the purpose of cleaning, etc., and for maintaining a watchman upon the boat.

7. The "Mariner" was located during its existence in the Ohio and Allegheny Rivers. The waters of each of these rivers contain a considerable quantity of acid which tends to reduce the service life of steel barges.

8. The "Mariner" as located and used, had a remaining service life of about eighteen years at the time it was taken over by the United States.

9. The fair market value of the "Mariner" when requisitioned was $10,000.

### Conclusions of Law

I. This court has jurisdiction in the instant action.

II. Charles Zubik, the plaintiff, is entitled to a judgment in his favor for the sum of four thousand seven hundred fifty ($4,750) dollars, with an additional sum to compensate him for delay in payment from February 27, 1943, to a date preceding the date of payment by not more than thirty (30) days. Said sum may be measured by the legal rate of interest.

The claim being for less than ten thousand dollars, this court is given jurisdiction by the Tucker Act, 28 U.S.C.A. § 41(20).

The plaintiff was the owner of the steel barge "Mariner" which the United States requisitioned on February 27, 1943. On or about May 3, 1943, the Appraisal Committee of the War Shipping Administration appraised the "Mariner" at seven thousand dollars. The plaintiff refused to accept this sum, and thereupon the Government, under authority of the Merchant Marine Act of 1936, 46 U.S.C.A. § 1101 et seq., paid to the plaintiff the sum of $5,250, being seventy-five per centum of the appraised valuation.

The only matter before the court is the market value of the barge at the time it was requisitioned.

The testimony of neither plaintiff nor defendant was entirely satisfactory insofar as the determination of value is concerned. The plaintiff and his witnesses were experienced river men and had examined the barge and knew its condition, but they had no knowledge of any recent sales of any barges of the kind and age of the "Mariner." Also they were disposed to attribute a longer future service to the barge than the court, in view of other credible testimony, is inclined to accept. Their testimony was to the general effect that the "Mariner" had a possibility of fifty years service. The plaintiff's witnesses valued the barge at from $14,000 to $16,500.

The defendant's witnesses were also open to some criticism. Several of those who undertook to value, while quite experienced in respect to buying and selling boats, undertook to place a market value upon the barge without ever having seen it. They were testifying entirely from the report of a Government agent. Their testimony was further weakened by the fact that their experience was not in this locality. Other witnesses were called who testified that use other than as a wharf boat, and that its service life, by reason of acid in the rivers, was not over twenty-five years. It was also testified that the barge

**6**

was not strong enough in structure or so properly equipped as to make it a satisfactory sand dredger, which was its last use before its last purchase by plaintiff. However, one witness, called by the defendant, testified that he had several times examined the "Mariner" for the purpose of determining its capacity for insurance. When asked as to his opinion as to its market value, somewhat to the apparent surprise of the defendant's counsel, he testified that its value was $12,000. Another witness, who came from the firm which had constructed the barge, testified that the cost of construction twenty years prior to the requisition, had been $16,014. This amount would be about the 1943 equivalent of $25,000, as testified by one witness.

■ One recent sale of the "Mariner" appears in the record, that to the plaintiff about two months prior to the requisition for $7,000. The defendant's counsel very properly contend that this sale should be given great weight in determining market value. It should not be wholly controlling, however. The plaintiff had spent about $700 in repairs, etc. He was experienced in the purchase and sale of river boats. His purchase alone indicated his judgment of its actual value agreed with that of his witnesses, and was considerably greater than $7,000. He was buying it for sale, and this fact should be considered in passing upon his testimony.

■ In addition to the conflicting testimony of the witnesses who testified as to their opinion as to market value, and to those who discussed its condition and uses, which have led us to the conclusion that the fair market value of the "Mariner" was $10,000 when it was taken over, we have endeavored to consider the matter from the standpoint of reproduction value, less depreciation, based upon a service life of about forty years with 2½ per centum depreciation. The result of such a method of valuation would be practically the same sum as the $10,000 valuation at which we have arrived.

The plaintiff has been paid $5,250 of the amount of $7,000, determined to be the value of the barge at the time of seizure. Assuming the total value to be $10,000, the plaintiff is entitled to receive the sum of $1,750, withheld by defendant under the authority of the Merchant Marine Act of 1936, and an additional sum of $3,000, with interest on said sums from February 27, 1943, by reason of delay in payment.